Richard A. Lafont (RL 3933)
**PLATZER, SWERGOLD, LEVINE,
GOLDBERG, KATZ & JASLOW, LLP**
475 Park Avenue South, 18th Floor
New York, New York 10016
Tel.  (212) 593-3000
Fax.  (212) 593-0353
Email:  rlafont@platzerlaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XIAMEN WALLY BATH MANUFACTURE CO., LTD,<br><br>                              *Plaintiff*,<br><br>          -against-<br><br>TRI-COASTAL DESIGN GROUP, INC.,<br><br>                              *Defendant*. | Case No.: 1:20-cv-9604<br><br>**COMPLAINT** |

Plaintiff Xiamen Wally Bath Manufacture Co., Ltd ("Wally Bath") brings this action against defendant, Tri-Coastal Design Group, Inc. ("Tri-Coastal").  Plaintiff alleges upon personal knowledge as to its own acts and observations and otherwise upon information and belief as follows:

### INTRODUCTION

1. Wally Bath, a Chinese manufacturer of bath sets, sold and shipped its goods to Tri-Coastal, which purchased these good wholesale to then sell to retailers at a markup.  By the end of 2019, Tri-Coastal owed Wally Bath for over $2.8 million for goods that were sold and delivered, but not paid for by Tri-Coastal.

2. At that time, the parties entered into an agreement whereby Tri-Coastal was to pay

to Wally Bath the past due amounts over time while Wally Bath would continue to manufacture and sell its goods to Tri-Coastal with payment by letter of credit.

3. Since its last payment made under the agreement on May 11, 2020, Tri-Coastal has not made any further payments under the agreement and there is presently $2,289,719.43 left due and owing.

4. On or about September 16, 2020, Wally Bath contacted Tri-Coastal's counsel as to whether any payments under the agreement would be forthcoming. Tri-Coastal's counsel informed Wally Bath that Tri-Coastal's secured lender had liquidated its blanket security interest in Tri-Coastal's assets and that Tri-Coastal was no longer in business.

5. As a result, Tri-Coastal, despite due demand, owes Wally Bath the balance of the agreement of $2,289,719.43, plus all applicable statutory interest and costs.

## PARTIES

6. Plaintiff Wally Bath is a corporation organized and existing under the laws of the People's Republic of China with its principal offices located at 4F, No. 217, Tianfeng Road, Northern Industry, District Jimei, Xiamen, China 361021.

7. Defendant Tri-Coastal is a corporation organized and existing under the laws of the State of New Jersey and is a foreign corporation authorized to do business in the State of New York, having a principal place of business at 49 West 37th Street, 8th Floor, New York, New York 10018.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C § 1332 based upon the diversity of citizenship of the parties and because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

9. Venue is proper in this district pursuant to 28 U.S.C § 1391(b)(1) because Tri-Coastal's principal place of business is within the Southern District of New York.

## FACTUAL BACKGROUND

10. Wally Bath manufactures bath sets in China.

11. Tri-Coastal is a wholesaler of consumer products to retailers and department stores.

12. In or about early 2019, Wally Bath entered into agreements with Tri-Coastal whereby Wally Bath would manufacture and deliver bath sets in various sizes and styles (the "Goods") in accordance with certain purchase orders, designs and instructions provided by Tri-Coastal.

13. The Goods were manufactured in China and delivered to the United States pursuant to various bills of lading.

14. While payment from Tri-Coastal was to be made timely upon delivery, Tri-Coastal's account became severely delinquent with over $2.8 million worth of Goods shipped by Wally Bath to Tri-Coastal without payment.

15. In order for Wally Bath to continue manufacturing and shipping Goods to Tri-Coastal, Tri-Coastal entered into a Letter of Understanding-Agreement with Wally Bath, dated as of December 31, 2019 (the "Agreement").

16. Pursuant to the Agreement, Tri-Coastal, *inter alia*, agreed that $2,890,054.00 was due and owing for certain unpaid purchase orders (the "Old Debt").

17. The Old Debt was to be paid over time, with a $600,000.00 payment due to be made by the Chinese New Year (January 25, 2020), with thirty-five (35%) percent of the remaining Old Debt paid during 2020, another thirty-five (35%) percent paid over 2021, and the remaining balance paid in 2022.

18. Additionally, pursuant to the Agreement, Wally Bath agreed to continue manufacturing and shipping Goods to Tri-Coastal, but payment was to be made by letters of credit, rather than allowing further unpaid invoices to accrue.

19. The Agreement provides that New York law governs and any dispute was to be adjudicated in the United States.

20. Wally Bath honored its obligations under the Agreement and continued to manufacture and ship Goods to Tri-Coastal pursuant to the Agreement's terms.

21. Tri-Coastal failed to honor its payment obligations under the Agreement and stopped making any further payments after its last payment on or about May 11, 2020. Tri-Coastal has not made any further payments under the agreement and there is presently $2,289,719.43 left due and owing.

22. On or about August 3, 2020, Wally Bath emailed Tri-Coastal's principals, Marvin Stutz and Michael Mastrangelo, to request that they discuss, *inter alia*, the payment default under the Agreement and a path forward for the parties' business relationship. Tri-Coastal stated that, while it was having financial difficulties, which were exacerbated by the COVID-19 pandemic, it was in negotiations with an investor who would provide it financing.

23. When payments were still not being made, on or about September 16, 2020, Wally Bath contacted Tri-Coastal's counsel to ascertain whether any further payments under the Agreement would be made. Tri-Coastal's counsel informed Wally Bath that Tri-Coastal's secured lender had liquidated its assets and, without any assets, Tri-Coastal was no longer in business.

24. By reason of Tri-Coastal's breach of the Agreement, Wally Bath has suffered monetary damages of, at least, $2,289,719.43.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

25. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs numbered "1" through "24" above as if fully set forth at length herein.

26. The Agreement constitutes a valid, binding, and enforceable contract supported by consideration.

27. Tri-Coastal breached the Agreement by failing to tender the amounts due thereunder.

28. Wally Bath, at the time Tri-Coastal breached Agreement, had fulfilled all of its obligations to Tri-Coastal under the Agreement.

29. As a result of Tri-Coastal's breach, Wally Bath has been damaged in an amount to be determined at trial, but, in any event, no less than $2,289,719.43.

## SECOND CAUSE OF ACTION
### (Unjust Enrichment)

30. The Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs numbered "1" through "29" above as if fully set forth at length herein.

31. Tri-Coastal benefitted at Wally Bath's expense by retaining and, upon information and belief, selling the Goods with paying Wally Bath for them.

32. By virtue of Tri-Coastal's retention and, upon information and belief, sale of the Goods without payment to Wally Bath, Tri-Coastal has been unjustly enriched and it would be against equity and good conscience for Tri-Coastal to retain the benefit of selling Goods without proper payment.

33. As a result of Tri-Coastal's inequitable conduct, Wally Bath has been damaged in an amount to be determined at trial, but, in any event, no less than $2,289,719.43.

**WHEREFORE**, Wally Bath demands judgment on all causes of action, awarding it damages:

A. First Cause of Action against Tri-Coastal: an amount to be determined at trial, but, in any event, no less than $2,289,719.43, plus interest, costs, expenses and disbursements incurred in this action;

B. Second Cause of Action against Tri-Coastal: an amount to be determined at trial, but, in any event, no less than $2,289,719.43, plus interest, costs, expenses and disbursements incurred in this action;

C. And for such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 16, 2020

**PLATZER, SWERGOLD, LEVINE, GOLDBERG, KATZ & JASLOW, LLP**

/s/ *Richard A. Lafont*

Richard A. Lafont (RL 3933)
475 Park Avenue South, 18th Floor
New York, New York 10016
Tel. (212) 593-3000
Fax. (212) 593-0353
Email: rlafont@platzerlaw.com

*Attorneys for Plaintiff,* Xiamen *Wally Bath Manufacture Co., Ltd*